# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ROBERT CODY HALL                                                                                              PLAINTIFF

5:17CV00318-JM-JTK

CHRIS BUDNIK, et al.                                                                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   Introduction

Plaintiff Robert Hall is an inmate who filed this 42 U.S.C. § 1983 action while incarcerated at the Cummins Unit of the Arkansas Department of Correction (ADC).[1] He alleged Defendants failed to protect him from harm by other inmates and filed a disciplinary action against him in retaliation for grievances he filed (Doc. No. 2). He requested monetary and injunctive relief.

Pending before the Court are Defendants' Motion for Summary Judgment, Brief in Support, and Statement of Facts (Doc. Nos. 31-33).  Plaintiff filed a Response in opposition to the Motion (Doc. No. 46), and Defendants filed a Reply and Supplemental Reply (Doc. Nos. 50, 53).

### II.   Facts

Plaintiff alleged that Defendants improperly disclosed the nature of a sexual harassment complaint Plaintiff filed against another inmate, and arranged for him to remain in general

---

[1] Plaintiff notified the Court of his transfer to the West Tennessee Detention Facility on April 3, 2018 (Doc. No. 41).

population where he felt threatened. On August 28, 2017, Plaintiff was assaulted by another inmate, and Defendants later placed him in cells with other inmates he feared. Plaintiff later was charged with disciplinary violations in retaliation for grievances he filed about the incidents.

### III. Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

Defendants ask the Court to dismiss Plaintiff's complaint based on his failure to exhaust his administrative remedies prior to filing his lawsuit, as required by the ADC grievance procedure, Administrative Directive (AD) 14-16 (Doc. No. 32-1), and the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. Defendants present the Declaration of Terri Grigsby, inmate grievance supervisor, who stated that Plaintiff filed one grievance potentially related to his

allegations (CU-17-01210), but did not name Defendants Budnik, Robertson, Keisler, Fistzpatrick, Boykin, and/or Straughn, and did not fully exhaust his grievance. (Doc. No. 32-2, pp. 2-3) Ms. Grigsby stated the appeal Plaintiff filed was rejected because it was not signed, and did not contain Plaintiff's ADC number or the date (Id., pp. 3-9). Grigsby also stated that in order to exhaust administrative remedies, an inmate must first file an informal resolution, a formal grievance, and then a grievance appeal to the Assistant and/or Deputy Director's level. (Id., p. 2) The policy also instructs inmates to specifically name each individual involved and explains that exhaustion at all levels is necessary prior to filing a § 1983 action. (Id.) Based on Plaintiff's failure to comply, Defendants state his complaint should be dismissed.

In response, Plaintiff stated that he submitted other grievances concerning the incident at issue, specifically CU 17-01458, filed on November 9, 2017. (Doc. No. 46, p. 6) He also claimed that Defendants improperly rejected the first grievance he filed, CU-17-01210, because he included his name, ADC number and date on the reverse side of the document for mailing purposes. Finally, he stated disciplinary matters are not grievable and that he fully appealed his disciplinary conviction.

The Court directed Defendants to reply to Plaintiff's claim of having filed a second grievance. (Doc. No. 47) In their Reply, Defendants admit that a second grievance was filed (CU-17-01458), naming Defendants Straughn, Budnik, Robertson, Starks, Bass, and Keisler, but state Plaintiff failed to exhaust this grievance prior to filing this lawsuit on November 30, 2017. Specifically, Ms. Grigsby stated that Plaintiff filed the second grievance on November 9, 2017, Warden Straughn responded on November 21, 2017, Plaintiff appealed on November 23, 2017, and Chief Deputy Director Dale Reed denied the appeal without merit on December 18, 2017.

4

(Doc. No. 50, p. 5)   However, since the grievance was not exhausted prior to the filing of this lawsuit, Defendants state Plaintiff's complaint against them should be dismissed. In their Supplemental Reply, Defendants also state that although disciplinary matters are not grievable, claims of retaliation, even if related to a non-grievable issue, are grievable. (Doc. No. 53, p. 2; Doc. No. 32-1, pp. 2-3)   In addition, the Eighth Circuit Court of Appeals affirmed a dismissal of a retaliatory-disciplinary claim for failure to exhaust administrative remedies, in Hobbs v. Foreman, 237 Fed.Appx. 115, 116, 2007 WL 1655845 (8th Cir. 2007).   Finally, Defendants state that Plaintiff did not allege retaliation in his grievances, and did not claim that he tried, but was prevented from, grieving a retaliatory disciplinary claim.

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.   In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001).   In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023,

5

1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

The PLRA requires "proper" exhaustion, which means "using all steps that the agency holds out, and doing so *properly*." Porter v. Nussle, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Porter, 548 U.S. at 90-91.

In this case, the ADC grievance policy in effect clearly instructs inmates to completely exhaust administrative remedies prior to filing a lawsuit. (Doc. No. 32-1, p. 17)  Plaintiff has provided no verbal or documentary proof of having fully exhausted a grievance against the named Defendants prior to filing this lawsuit.   The first grievance was rejected prior to exhaustion (Doc. No. 46, p. 7), and the second grievance was not exhausted prior to the filing of this lawsuit. (Doc. No. 50, p. 8) And, Plaintiff has not alleged or provided any proof that he filed and exhausted a grievance concerning the retaliatory disciplinary claim.   Therefore, the Court finds that Plaintiff's complaint against Defendants should be dismissed without prejudice, for failure to exhaust.

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 31) be GRANTED, and Plaintiff's Complaint be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 16th day of May, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE